**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**(MILWAUKEE DIVISION)**

| | | |
|---|---|---|
| **TYLER S. TOLONEN**,<br>*Plaintiff Pro Se*,<br>118 Jefferson Street<br>North Fond du Lac, WI 54937<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF LABOR**;<br>**OFFICE OF WORKERS' COMPENSATION PROGRAMS**;<br>**JULIE A. SU**, Acting Secretary of Labor;<br>**CHRISTOPHER J. GODFREY**, Director, OWCP;<br>**ANTONIO RIOS**, Director, DFEC;<br>**DISTRICT DIRECTOR**, OWCP District 10;<br>**LEONARD T.**, Claims Examiner; and<br>**PAUL H.**, Senior Claims Examiner,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.: 26-cv-________**<br><br>**PETITION FOR WRIT OF MANDAMUS (28 U.S.C. § 1361)**<br><br>**AND COMPLAINT FOR INJUNCTIVE RELIEF (5 U.S.C. § 706(1))**<br><br>**FECA CLAIM NO.: 550551259**<br><br>U.S. District Court<br>Wisconsin Eastern<br>NOV 05 2026<br>FILED<br>Clerk of Court |

---

# PETITION FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1361 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 702, 706(1))

## PRELIMINARY STATEMENT

1. This is a civil action in the nature of mandamus brought by Plaintiff Tyler S. Tolonen, an injured United States Postal Service City Letter Carrier proceeding *pro se*, to compel Defendants to perform their clear, non-discretionary, ministerial statutory duties under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, its implementing regulations, 20 C.F.R. Part 10, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*

2. For months, Defendants have engaged in a systemic pattern of administrative stonewalling, arbitrary delay, and procedural default in FECA Claim #550551259. Specifically, Defendants have unlawfully refused to issue formal, written Notices of Decision with statutory appeal rights attached pursuant to 5 U.S.C. § 8124(a) and 20 C.F.R. § 10.126 on multiple critical, fully briefed matters: - **(a) Consequential Bilateral Knee Claim Expansion:** Filed April 28, 2026, and formally demanded October 6, 2026, supported by 3D clinical gait metrics from the Medical College of Wisconsin; held unadjudicated for nearly six (6) months; - **(b) Modified Duty Job Offer Suitability Challenge:** Formally demanded September 26, 2026, under DFEC Procedure Manual ("DFEC PM") § 2-0814.5 and 5 U.S.C. § 8124(a); the statutory 30-day tracking clock confirmed by Claims Examiner Leonard T. expired on October 28, 2026, without adjudication; - **(c) Defective Second Opinion ("SECOP") & Untimely Supplemental Form OWCP-5c:** On September 17, 2026, OWCP issued a Quality Deficiency Notice confirming examiner Dr. Joshua Alpert deleted 37% of government questions and omitted the statutory expansion question. The mandatory 30-day cure window under DFEC PM § 2-0810.6a(1) expired on October 17, 2026. On October 22, 2026—untimely and five (5) days late—Dr. Alpert submitted a supplemental Form OWCP-5c that remains fatally

defective on its face: it contains zero narrative medical rationale (*Lillian M. Jones*, 34 ECAB 379; *Donald W. Long*, 41 ECAB 142), leaves Section 2b completely blank (0 physical work tolerances), directly defies Claims Examiner Leonard T.'s explicit directive acknowledging that the pre-op 10/14/2025 FCE was invalidated by Plaintiff's subsequent 11/03/2025 surgery, and creates an irreconcilable conflict with treating physician Dr. Walker. Yet Defendants refuse to vacate the void reports or perform their mandatory statutory duty under 5 U.S.C. § 8123(a) to appoint an Impartial Referee Medical Specialist.

3. By withholding formal written decisions, Defendants have trapped Plaintiff in a perpetual administrative "limbo" that completely cuts off his statutory right to appellate review before the Employees' Compensation Appeals Board ("ECAB"), the Branch of Hearings and Review ("BHR"), or via Reconsideration.

4. Plaintiff seeks a Writ of Mandamus under 28 U.S.C. § 1361 and injunctive relief under 5 U.S.C. § 706(1) compelling Defendants to immediately issue formal written Notices of Decision with full statutory appeal rights on all unadjudicated matters within fourteen (14) days, vacate the defective SECOP report, and appoint a certified orthopedic referee specialist.

## JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over this action pursuant to: - **28 U.S.C. § 1361** (The Mandamus Act), granting district courts original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"; - **28 U.S.C. § 1331** (Federal Question Jurisdiction), as this action arises under the laws of the United States, including FECA, 5 U.S.C. § 8101 *et seq.*, the APA, 5 U.S.C. §§ 701–706, and the Fifth Amendment to the United States Constitution; - **5 U.S.C. §§ 702 and 706(1)** (Administrative Procedure Act), waiving sovereign immunity and empowering this Court to "compel agency action unlawfully withheld or unreasonably delayed."

6. **Inapplicability of FECA Door-Closing Statute (5 U.S.C. § 8128(b)):** While 5 U.S.C. § 8128(b) precludes judicial review of the Secretary's substantive determinations awarding or denying monetary compensation, the Seventh Circuit has squarely held that § 8128(b) does **not** bar judicial review of procedural defaults, systemic statutory violations, or constitutional due process claims. *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1438–43 (7th Cir. 1996) (*en banc*); *Marozsan v. United States*, 852 F.2d 1469 (7th Cir. 1988); *see also Hanauer v. Reich*, 82 F.3d 1304, 1307–09 (4th Cir. 1996); *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985). Plaintiff does not ask this Court to award monetary benefits or evaluate medical weight; Plaintiff seeks solely to compel Defendants to perform their non-discretionary, ministerial duty to **adjudicate and issue appealable written decisions.**

7. Venue is proper in the Eastern District of Wisconsin, Green Bay Division, pursuant to **28 U.S.C. § 1391(e)(1)** because: (1) Plaintiff resides in North Fond du Lac, Fond du Lac County, Wisconsin, which lies within this District; (2) Defendants are agencies and officers of the United States; and (3) a substantial part of the events, injuries, and omissions giving rise to the claim occurred within this District.

## PARTIES

8. **Plaintiff Tyler S. Tolonen** is an individual citizen of the United States residing in North Fond du Lac, Wisconsin. He is employed as a Career City Letter Carrier by the United States Postal Service ("USPS") at the Fond du Lac Post Office and is the injured employee in FECA Claim #550551259.

9. **Defendant United States Department of Labor ("USDOL")** is an executive department of the United States Government headquartered in Washington, D.C.

10. **Defendant Office of Workers' Compensation Programs ("OWCP")** is a sub-agency of USDOL responsible for administering FECA.

11. **Defendant Julie A. Su** is the Acting Secretary of Labor and is sued in her official capacity as the head of USDOL charged with the statutory execution of 5 U.S.C. § 8124.

12. **Defendant Christopher J. Godfrey** is the Director of OWCP and is sued in his official capacity.

13. **Defendant Antonio Rios** is the Director of DFEC and is sued in his official capacity.

14. **Defendant District Director** is the supervisory official in charge of OWCP District 10 (formerly District 4, Chicago), with administrative authority over Claim #550551259.

15. **Defendant Leonard T.** is the assigned Claims Examiner in OWCP District 10, sued in his official capacity.

16. **Defendant Paul H.** is the Senior Claims Examiner / Supervisor in OWCP District 10, sued in his official capacity.

## STATUTORY AND REGULATORY FRAMEWORK

17. **Mandatory Duty to Adjudicate (5 U.S.C. § 8124(a)):** Congress commanded in plain, mandatory language: > *"The Secretary of Labor [or designee]* ***shall*** *determine and make a finding of facts and make an award for or against payment of compensation under this subchapter."* The statute creates a mandatory, ministerial obligation to decide claims presented by injured workers.

18. **Mandatory Form of Decision with Appeal Rights (20 C.F.R. § 10.126 & DFEC PM § 2-1400.5):** USDOL's binding regulation dictates: > *"The decision* ***shall*** *contain findings of fact and a statement of reasons. It* ***shall*** *be accompanied by information about the employee's rights to a hearing, reconsideration, and appeal to the ECAB."* Under controlling ECAB precedent, an agency communication that fails to provide formal findings of fact and appeal rights is legally ineffective and constitutes an unlawful procedural default. *J.S.*, Docket No. 26-0220 (issued May 15, 2026); *S.L.*, Docket No. 24-0312 (issued May 14, 2024); *Order Remanding Case, M.B.*, Docket No. 22-1026 (issued Jan. 25, 2023); *A.G.*, Docket No. 19-0937 (issued Oct. 17, 2019).

19. **Mandatory Suitability Adjudication (DFEC PM § 2-0814.5 & USPS ELM § 546.142):** When an employer offers modified limited-duty work, OWCP holds an affirmative, non-discretionary statutory duty to determine whether the offer is "suitable." Under established law, an offer that is "makeshift, odd-lot, or sporadic in nature" is legally prohibited. *William Muro*, 36 ECAB 409 (1985); *Maggie L. Moore*, 42 ECAB 484 (1991). When an injured worker challenges job offer suitability, OWCP must issue a formal determination granting statutory appeal rights. 20 C.F.R. § 10.516.

20. **Mandatory SECOP Quality Standards & Curing Limits (DFEC PM § 2-0810.6a(1)):** A second opinion examination must provide complete medical rationale answering all questions posed by the Director. If a SECOP examiner's report is deficient or evasive, OWCP may seek clarification but is subject to strict re-development limits. Under *Ayanle A. Hashi*, 56 ECAB 234 (2004) and *William A. Couch*, 41 ECAB 548 (1990), a SECOP report that fails to provide rationale or alters government questions carries zero probative medical weight and cannot serve as a pretext to delay claim adjudication.

21. **Mandatory Appointment of Referee Specialist (5 U.S.C. § 8123(a)):** Where there is a conflict between the treating physician and a government medical examiner, *"the Secretary* ***shall*** *appoint a third physician... who shall make an examination."*

22. **The Administrative Procedure Act (5 U.S.C. § 706(1)):** The reviewing court *"****shall*** *compel agency action unlawfully withheld or unreasonably delayed."*

## FACTUAL BACKGROUND

### *A. The Accepted Injury and Ongoing Physical Restrictions*

23. On October 1, 2024, Plaintiff sustained severe work-related orthopedic injuries in the performance of duty as a City Letter Carrier. OWCP accepted Claim #550551259 for multiple conditions, including left ankle bursitis, bilateral hip labral tears, bilateral femoroacetabular impingement ("FAI"), bilateral Achilles tendinitis, and sacroiliitis.

24. Treating orthopedic physician Dr. Trevor Walker placed Plaintiff on strict, continuous medical restrictions capping walking at three (3) hours per day and five (5) miles maximum, with no repetitive stair climbing, heavy lifting, or prolonged standing.

### *B. The Consequential Knee Expansion Demand (In Default Since April 28, 2026)*

25. Due to altered gait, rotational deformities, and kinetic compensation caused by the accepted hip and ankle conditions, Plaintiff developed severe consequential bilateral knee conditions, including patellofemoral tracking defects, chondromalacia patellae, and meniscal tearing.

26. On April 28, 2026, Plaintiff formally submitted a Claim Expansion Request supported by comprehensive diagnostic imaging, treating physician reports, and a formal 27-page 3D Clinical Gait Analysis from the Medical College of Wisconsin (Dr. Jessica Fritz, PhD). *(Compendium Exhibit 3).*

27. On October 6, 2026, Plaintiff served a *Formal Claim Expansion & Care Access Demand* citing 5 U.S.C. § 8124(a) and *S.L.*, Docket No. 24-0312. *(Compendium Exhibit 3, ECOMP Pgs. 210–213).*

28. As of the filing of this Petition, Defendants have held this claim expansion unadjudicated for nearly six (6) months, issuing zero formal written decisions with appeal rights.

### *C. The Modified Duty Job Offer Suitability Challenge (30-Day Clock Expired)*

29. The Postal Service offered Plaintiff a purported "modified limited-duty" assignment. In operational reality, the offer is completely makeshift, odd-lot, and sporadic: after Plaintiff completes approximately 3 hours of cased delivery up to his 5-mile walking ceiling, management forces him to perform unassigned, contingent driving and helper duties cobbled together ad-hoc from daily carrier absenteeism. *(Compendium Exhibit 4, ECOMP Pgs. 308–312).*

30. This contingent structure illegally shifts the affirmative burden of accommodation onto Plaintiff, forcing him daily to audit route mileage and self-advocate to avoid exceeding Dr. Walker's 5-mile walking restriction.

31. On September 26, 2026, Plaintiff submitted a formal written demand under DFEC PM § 2-0814.5 and 5 U.S.C. § 8124(a) demanding a formal, appealable Suitability Decision. *(Compendium Exhibit 4).*

32. In a written letter dated October 5, 2026, Claims Examiner Leonard T. formally acknowledged receipt of the suitability challenge and placed it on a 30-day tracking clock expiring on October 28, 2026. Defendants failed to issue a decision, allowing the mandatory clock to expire in complete administrative default.

### *D. The Defective SECOP Examiner, Untimely Supplemental Form OWCP-5c, and Irreconcilable Medical Conflict*

33. On June 16, 2026, OWCP subjected Plaintiff to a directed SECOP examination with Dr. Joshua Alpert under written pre-objection regarding Dr. Alpert's lack of limb deformity subspecialty credentials. *(Compendium*

*Exhibit 5, ECOMP Pgs. 253–256).*

34. On September 17, 2026, OWCP issued a formal *Quality Deficiency Notice* to Dr. Alpert, confirming that his OWCP-5c report was legally and procedurally defective because Dr. Alpert **deleted 37% of mandatory questions**, omitted four complete government sentences, stripped out statutory causation terms, and completely erased Question 5 (the consequential knee expansion question). *(Compendium Exhibit 5, ECOMP Pgs. 386–387; Case Page 6501).* In that directive, Claims Examiner Leonard T. explicitly instructed Dr. Alpert that the pre-operative Functional Capacity Evaluation ("FCE") dated October 14, 2025 was legally and clinically invalid because Plaintiff had subsequently undergone right knee surgery on November 3, 2025. *(Case Page 6501).*

35. Under DFEC PM § 2-0810.6a(1), the strict 30-day re-development window for Dr. Alpert to cure his defective report officially expired on **October 17, 2026**. Under *Ayanle A. Hashi*, 56 ECAB 234 (2004), OWCP is legally prohibited from freezing claim adjudication indefinitely to await untimely, non-responsive, or defective submissions from a second opinion physician.

35A. On October 22, 2026—five (5) days *after* the expiration of the mandatory 30-day cure deadline—Dr. Alpert submitted a supplemental Form OWCP-5c via vendor IMX. *(Case Pages 6499–6500; ECOMP Pgs. 29–30).* Far from curing the procedural defaults, this supplemental submission is fatally defective as a matter of law: - *(1) Complete Absence of Narrative Medical Rationale:* Dr. Alpert provided only a cursory check-box form devoid of contemporaneous narrative medical explanation. Under unbroken ECAB precedent, check-box forms without rationalized medical explanation are of diminished probative value and cannot support agency action. *Lillian M. Jones*, 34 ECAB 379 (1982); *Donald W. Long*, 41 ECAB 142 (1989); *Gary M. Deeb*, 46 ECAB 208 (1994). - *(2) Defiance of Claims Examiner's Explicit Directive:* In open defiance of Claims Examiner Leonard T.'s September 17, 2026 directive (Case Page 6501) informing him that the 10/14/2025 FCE was invalidated by Plaintiff's 11/03/2025 surgery, Dr. Alpert failed to perform or order a post-operative functional evaluation and instead scrawled: *"Please see attached FCE 10/14/2025."* An examiner's reliance on an invalidated pre-surgical evaluation directly violates DFEC PM § 2-0810.6. - *(3) Section 2b Left Completely Blank (0 Physical Tolerances):* Dr. Alpert left Section 2b ("Work Tolerances") entirely blank, specifying zero allowable hours for sitting, walking, standing, pushing, pulling, lifting, or climbing. Under DFEC PM § 2-0814 and USPS ELM § 546, a blank work-tolerance form is legally incapable of supporting a modified job offer or suitability determination. - *(4) Internal Facial Inconsistency:* Dr. Alpert asserted that Plaintiff reached Maximum Medical Improvement ("MMI") on June 16, 2026, yet checked "unknown" for the duration of physical restrictions, creating an irreconcilable internal contradiction. - *(5) Untimeliness Under Agency Regulations:* Because the form was submitted after the October 17, 2026 cut-off, DFEC PM § 2-0810.6a(1) mandated that OWCP cancel the referral and appoint an alternative specialist rather than accepting an untimely, defective document.

35B. Dr. Alpert's pattern of defective supplemental reporting is well-established before the ECAB. In 2026 alone, the Board has repeatedly disciplined, remanded, or reversed OWCP for relying on Dr. Alpert: - *Matter of J.J. & U.S. Postal Service*, Docket No. 25-0925 (ECAB issued Jan. 21, 2026): The Board set aside and remanded an OWCP decision where Dr. Alpert failed for months to provide a proper supplemental Form OWCP-5c and OWCP improperly relied on his unrationalized conclusions. - *Matter of T.B. & U.S. Postal Service*, Docket No. 26-0365 (ECAB issued June 22, 2026): The Board reversed OWCP in another Wisconsin Postal Service appeal for relying on an unrationalized, conclusory report by Dr. Alpert, explicitly holding that Dr. Alpert's opinion lacked probative value.

### *E. Congressional Inquiries and Pre-Filing Mandamus Notice*

36. Facing total agency inaction, Plaintiff sought congressional intervention from Representative Glenn Grothman (WI-06). In official agency correspondence (CTS #67845 / OCIA), OWCP formally promised Congress

that it would evaluate case expansion and assist Plaintiff in securing specialist care. *(Compendium Exhibit 2, ECOMP Pgs. 221–222).* OWCP abandoned that commitment.

37. On October 15, 2026, Plaintiff sent an urgent formal demand to Representative Grothman's congressional liaison (Juanita Acker) documenting OWCP's ongoing stonewalling and refusal to issue appealable decisions. *(Compendium Exhibit 2).* The congressional office was unable to obtain decisions from the agency.

38. On October 20–21, 2026, Plaintiff served on OWCP District 10 a *Formal Notice of Intent to File Petition for Writ of Mandamus*, accompanied by a detailed CA-110 telephone memorandum, giving Defendants until October 28, 2026, to issue formal written decisions with appeal rights. *(Compendium Exhibit 1, ECOMP Pgs. 16–17).* Following receipt of Dr. Alpert's defective Form 5c, Plaintiff immediately placed an urgent call to Senior Claims Examiner Paul H. on October 23, 2026, officially transcribed as a CA-110 memorandum marked *"RESPONSE REQUIRED,"* demanding immediate written adjudication and referee appointment. *(Case Page 6471; ECOMP Pg. 1).*

39. The October 28, 2026 deadline has passed. Defendants remain in total administrative default.

## THE THREE PRONGS OF MANDAMUS ARE SATISFIED

40. Under controlling Seventh Circuit and Supreme Court jurisprudence (*Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978); *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)), mandamus is warranted where the plaintiff demonstrates three threshold requirements: - **(1) Plaintiff has a clear right to the relief requested:** Plaintiff possesses a clear statutory right under 5 U.S.C. § 8124(a) and 20 C.F.R. § 10.126 to written findings of fact and statement of reasons with attached appeal rights; - **(2) Defendants owe a clear, non-discretionary duty to act:** The statutory language of 5 U.S.C. § 8124(a) is mandatory ("shall determine and make a finding of facts"). Defendants have zero discretion to withhold adjudication indefinitely; - **(3) No other adequate remedy exists:** Plaintiff cannot invoke statutory administrative remedies (ECAB, BHR oral hearing, or Reconsideration) because those remedies are strictly conditioned upon the existence of an appealable "Notice of Decision." 20 C.F.R. § 501.3(a). Under settled ECAB law, the Board's jurisdiction is strictly appellate; where OWCP has failed to issue a formal written decision, the Board summarily dismisses appeals for lack of jurisdiction. *See Order Dismissing Appeal, R.M.*, Docket No. 20-0431 (issued July 17, 2020); *Order Dismissing Appeal, D.C.*, Docket No. 19-0115 (issued May 3, 2019). By withholding decisions, Defendants have trapped Plaintiff in an administrative Catch-22, completely foreclosing administrative review and rendering mandamus the sole adequate judicial remedy.

## CAUSES OF ACTION

### *COUNT I: WRIT OF MANDAMUS (28 U.S.C. § 1361)*

**Refusal to Adjudicate Consequential Bilateral Knee Claim Expansion** 41. Plaintiff re-alleges and incorporates paragraphs 1 through 40 as if fully set forth herein. 42. Defendants hold a mandatory, non-discretionary statutory duty under 5 U.S.C. § 8124(a) and 20 C.F.R. § 10.126 to issue a formal written Notice of Decision with appeal rights on Plaintiff's Consequential Knee Expansion Claim. 43. Defendants have withheld adjudication for nearly six months without lawful justification. 44. Plaintiff is entitled to a Writ of Mandamus compelling Defendants to issue a formal written Notice of Decision with full appeal rights within fourteen (14) days.

### *COUNT II: WRIT OF MANDAMUS (28 U.S.C. § 1361)*

**Refusal to Adjudicate Modified'Duty Job Offer Suitability Challenge** 45. Plaintiff re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein. 46. Under DFEC PM § 2-0814.5 and 5 U.S.C. § 8124(a), Defendants owe Plaintiff a clear, ministerial duty to adjudicate the suitability of the modified job offer and rule on its prohibited makeshift, odd-lot nature. 47. Claims Examiner Leonard T. established a 30-day tracking clock that expired on October 28, 2026. Defendants failed to act. 48. Plaintiff is entitled to a Writ of Mandamus compelling Defendants to issue a formal written Suitability Decision with attached appeal rights under 20 C.F.R. § 10.516 within fourteen (14) days.

*COUNT III: WRIT OF MANDAMUS (28 U.S.C. § 1361)*

**Unlawful Reliance on Fatally Defective SECOP Form OWCP-5c & Mandatory Statutory Duty to Appoint Referee Specialist (5 U.S.C. § 8123(a))** 49. Plaintiff re-alleges and incorporates paragraphs 1 through 48 as if fully set forth herein. 50. On September 17, 2026, OWCP formally found Dr. Joshua Alpert's SECOP report deficient for question tampering and omission of statutory issues. The 30-day re-development window expired October 17, 2026. 51. Dr. Alpert's untimely October 22, 2026 supplemental Form OWCP-5c (Case Page 6500) failed to cure the identified defects, contains zero narrative rationale (*Lillian M. Jones*, 34 ECAB 379), leaves Section 2b completely blank, and defies the Claims Examiner's directive regarding the invalidated pre-op FCE. Under DFEC PM § 2-0810.6a(1) and *Ayanle A. Hashi*, 56 ECAB 234 (2004), these reports carry zero probative weight and are legally void. 52. The second opinion process is now fully exhausted. Because Dr. Alpert's defective submissions directly contradict the well-rationalized, objective disability and surgical findings of Plaintiff's treating physicians (Dr. Walker and Dr. El-Baghdadi), an irreconcilable medical conflict exists on the administrative record. 53. Under 5 U.S.C. § 8123(a) and DFEC PM § 2-0810.9, where a conflict exists between the employee's treating physician and the government's second opinion physician, the Secretary holds a mandatory, ministerial, non-discretionary statutory duty to appoint an Impartial Referee Medical Specialist. Plaintiff is entitled to a Writ of Mandamus compelling Defendants to vacate Dr. Alpert's void reports and immediately schedule an impartial referee medical examination under § 8123(a).

*COUNT IV: ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706(1))*

**Agency Action Unlawfully Withheld and Unreasonably Delayed** 54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 as if fully set forth herein. 55. Under 5 U.S.C. § 706(1), this Court is empowered to "compel agency action unlawfully withheld or unreasonably delayed." 56. Application of the six *TRAC* factors (*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984)) demonstrates that Defendants' delay is egregious: - (1) Agency inaction has exceeded all statutory and regulatory timeframes; - (2) Delays in workers' compensation claims directly implicate human health and physical welfare; - (3) Forcing Plaintiff into makeshift overwork threatens severe physical re-injury; - (4) Defendants' bad-faith attempt to rehabilitate a defective SECOP examiner who tampered with government questions, submitted an untimely check-box form with blank work tolerances, and defied agency instructions prejudices Plaintiff's statutory rights. 57. Plaintiff is entitled to an order under 5 U.S.C. § 706(1) compelling immediate agency adjudication.

*COUNT V: FIFTH AMENDMENT PROCEDURAL DUE PROCESS*

**Deprivation of Statutory Property Interest Without Due Process of Law** 58. Plaintiff re-alleges and incorporates paragraphs 1 through 57 as if fully set forth herein. 59. Plaintiff holds a constitutionally protected property interest in his FECA disability compensation, medical benefits, and statutory appeal rights. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991). 60. By indefinitely withholding written decisions, Defendants have deprived Plaintiff of his statutory property interest and completely

foreclosed his constitutional right to notice and meaningful administrative appeal. 61. Plaintiff is entitled to declaratory and injunctive relief remedying this constitutional violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyler S. Tolonen respectfully requests that this Court:

A. **ISSUE A PEREMPTORY WRIT OF MANDAMUS** pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) directing Defendants Julie A. Su, Christopher J. Godfrey, Antonio Rios, District Director, Leonard T., and Paul H., to: 1. Issue a formal, written **Notice of Decision with statutory appeal rights** under 5 U.S.C. § 8124(a) and 20 C.F.R. § 10.126 adjudicating Plaintiff's Consequential Bilateral Knee Claim Expansion within fourteen (14) days of this Court's Order; 2. Issue a formal, written **Notice of Decision with statutory appeal rights** under 20 C.F.R. § 10.516 adjudicating the Suitability Challenge of USPS's modified limited-duty job offer and ruling on its prohibited makeshift, odd-lot nature within fourteen (14) days of this Court's Order; 3. Formally **VACATE** the June 16, 2026 Second Opinion report and the October 22, 2026 supplemental Form OWCP-5c of Dr. Joshua Alpert as procedurally void under DFEC PM § 2-0810.6a(1), *Ayanle A. Hashi*, 56 ECAB 234 (2004), and *Lillian M. Jones*, 34 ECAB 379 (1982); and 4. Immediately appoint an impartial **Referee Medical Specialist** pursuant to 5 U.S.C. § 8123(a) and 20 C.F.R. § 10.321 to resolve all medical conflicts regarding work capacity, consequential conditions, and surgical necessity.

B. **ENTER A DECLARATORY JUDGMENT** declaring that Defendants' failure to issue formal written decisions with appeal rights violates 5 U.S.C. § 8124(a), 20 C.F.R. § 10.126, and the Due Process Clause of the Fifth Amendment.

C. **ENJOIN** Defendants and the employing agency from coercing Plaintiff into modified job assignments that violate Dr. Trevor Walker's 5-mile / 3-hour walking restriction pending final adjudication.

D. **AWARD** Plaintiff his reasonable costs and disbursements in this action; and

E. **GRANT** such other and further relief as this Court deems just, equitable, and proper.

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Tyler S. Tolonen, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action, that I have read the foregoing Petition for Writ of Mandamus and Complaint for Injunctive Relief, and that the factual statements contained herein are true and correct to the best of my knowledge, information, and belief.

Executed this 3 day of November, 2026, at North Fond du Lac, Wisconsin.

**TYLER S. TOLONEN**, *Plaintiff Pro Se*
118 Jefferson Street
North Fond du Lac, WI 54937
Telephone: (920) 539-9117
Email: tyler.tolonen89@gmail.com